UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KARRIECE Q. DAVIS,

       Petitioner,

v.                                              Case No. 5:17cv63-MCR-CJK

BLACKMON, Warden,
FCI-Marianna,

       Respondent.
_____/

<u>REPORT AND RECOMMENDATION</u>

Before the court is Karriece Davis's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). The government responded in opposition to the petition (doc. 6) and petitioner filed a reply (doc. 9). The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the parties' submissions, the undersigned concludes petitioner is not entitled to relief under § 2241 and the petition should be denied.

## FACT BACKGROUND AND PROCEDURAL HISTORY[1]

On March 8, 2005, state law enforcement officials arrested petitioner in Jackson County, Florida, for grand theft auto and obstructing an officer without violence. (Doc. 11, p. 17). While free on bail, petitioner used a counterfeit $50 bill in Bay County, Florida. (Doc. 1, p. 16). He was arrested for uttering counterfeit bills in Bay County on December 18, 2005. (Doc. 1, p. 9). An additional charge of uttering counterfeit bills and a charge of fleeing from law enforcement were consolidated with the original uttering case. (Doc. 11, p. 18). Petitioner asserts he was unable to post bail because the federal government lodged a detainer against him.[2] (Doc. 1, p. 9-10, 17).

On August 29, 2006, petitioner was sentenced to 20 months in state custody after pleading nolo contendere to the fleeing from law enforcement charge. He received 8 months and 15 days of credit toward the 20-month sentence, which corresponds to the time petitioner spent in custody from the December 18, 2005

---

[1] The relevant facts are drawn from the petition (doc. 1), petitioner's reply (doc. 9), petitioner's Presentence Investigation Report from N.D. Fla. Case No. 5:08cr5-MW-GRJ (doc. 11), the Florida Department of Corrections' website (http://www.dc.state.fl.us/OffenderSearch/Search.aspx), the Bay County Clerk's website (https://court.baycoclerk.com/BenchmarkWeb2/Home.aspx/Search), and the Jackson County Clerk's website (https://www.civitekflorida.com/ocrs/app/search.xhtml).

[2] The government states it "is without knowledge as to the 'federal hold' language in Defendant's exhibit. While federal authorities were interested in Defendant as early as 2005, the Pre-Sentence Report and the docket sheet reflect that federal charges were first filed in 2008. The best surmise is that state authorities may have expected federal charges to follow." (Doc. 6, p. 4). The court assumes a federal "hold" or "detainer" existed for purposes of this report and recommendation.

arrest to the August 29, 2006 sentencing. (Doc. 11, p. 18). On September 12, 2006, he was sentenced to 24 months' imprisonment for the grand theft auto charge in Jackson County, the sentence to run concurrent to the 20-month sentence. He received 77 days of prior custody credit toward the 24-month sentence. Petitioner completed his state sentences in the custody of the Florida Department of Corrections ("FDOC") from September 12, 2006, to March 27, 2007.

On February 5, 2008, a federal grand jury indicted petitioner on several charges. A superseding 7-count indictment was returned on April 15, 2008. Petitioner was eventually convicted of 3 charges related to the distribution of controlled substances and 1 charge of possession of counterfeit currency. The remaining 3 charges were dismissed by the government. On December 10, 2008, the federal court sentenced petitioner to 150 months' imprisonment.

In this habeas petition, petitioner challenges the Bureau of Prisons' ("BOP") calculation of his federal sentence, arguing he is entitled to prior custody credit for the time he spent in state custody from December 18, 2005, to August 29, 2006, because the federal detainer prevented him from making bail on the state charges and the federal and state charges involved related conduct. (Doc. 1, pp. 3, 12).

## DISCUSSION

After a federal court pronounces a sentence, the Attorney General, through the BOP, has the authority to compute and administer the defendant's sentence. 18

U.S.C. § 3621(a). The federal statute governing the calculation of a term of imprisonment provides:

> (b) Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner concedes the 8 months and 15 days of prior custody credit he now seeks has already been credited toward his state sentences. Nevertheless, he argues the Fifth Circuit's decision in *United States v. Willis*, 438 F.2d 923 (5th Cir. 1971) also entitles him to 8 months and 15 days of credit on his federal sentence. *See Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009) (noting *Willis* provides an exception to the prohibition on double credit "when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date. When this exception applies, an inmate is entitled to receive *Willis* credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins.").

*Willis* was decided in 1971 and predates the enactment of 18 U.S.C. § 3585, the statute that currently controls the calculation of federal sentences. The plain language of § 3585(b) acts to preclude the double credit sought by petitioner. The Eleventh Circuit has noted:

> [*Willis*] interpreted a statute that allowed federal defendants to receive credit toward a federal sentence regardless of whether it had been credited toward another sentence. *Id.* at 925. The statute that *Willis* applied, 18 U.S.C. § 3568, was amended in 1987, *see id.* § 3585(b), to "ma[k]e clear that a defendant [can] not receive a double credit for his detention time."

*Dupree v. Warden, FCI Miami*, 606 F. App'x 559, 560 (11th Cir. 2015) (*quoting United States v. Wilson*, 503 U.S. 329, 337 (1992)); *see also Elwell v. Fisher*, 716 F.3d 477, 485 (8th Cir. 2013) ("[Petitioner's] arguments under *Willis* . . . cannot be reconciled with the statutory prohibition on double crediting."). Petitioner, however, argues the BOP continues to recognize the *Willis* exception through Program Statement 5880.28. *See Seignious v. Dru*, No. 1:12cv4481-TWT, 2013 WL 3322378 at *3 (N.D. Ga. June 28, 2013) ("The Court notes that *Willis* was decided in 1971 under former 18 U.S.C. § 3568, which did not preclude the possibility of double credit as does § 3585(b). Notwithstanding, the BOP continues to recognize the *Willis* exception.") (citations omitted).

Even assuming the *Willis* exception survived the enactment of 18 U.S.C. § 3585(b), petitioner is not entitled to the prior custody credit he seeks because he did not serve concurrent state and federal sentences. BOP Program Statement 5880.28

specifically states "if the release from the non-federal sentence occurs prior to the commencement of the federal sentence, then any non-federal presentence time awarded on the state sentence shall not be applied to the federal sentence." Petitioner was released from FDOC custody on March 27, 2007. He was not sentenced on his federal charges until December 10, 2008, making that the earliest date the federal sentence could have commenced. *See Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) ("a federal sentence cannot commence prior to the date it is pronounced") (*quoting United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)); 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Because petitioner was released from state custody before his federal sentence commenced, the prior custody credit he was awarded toward his state sentence cannot be applied to the federal sentence. Petitioner has failed to show the BOP incorrectly calculated his sentence.

Accordingly, it is respectfully RECOMMENDED:

1.     That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) be DENIED.

2.    That petitioner's "Motion Requesting the Honorable Court to Rule on Pending Motion under 28 U.S.C. 2241, Requesting Jail Credit" (doc. 12) be DENIED AS MOOT.

3.    That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of August, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.